UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

STEVEN D. WRAINS, individually,
and STEVEN D. WRAINS, as natural
parent and legal guardian for MEGAN
ELIZABETH WRAINS and TYLER
WILLIAM WRAINS,

    Plaintiffs,
v.

UNITED VAN LINES, LLC.

    Defendant.
_____/

## NOTICE OF REMOVAL

    COMES NOW the Defendant, UNITED VAN LINES, LLC, and files this Notice of Removal from Florida's 17th Judicial Circuit Court to the United States District Court for the Southern District of Florida and states:

    1.    A civil suit was commenced against this Defendant in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, styled STEVEN D. WRAINS, individually, and STEVEN D. WRAINS, as natural parent and legal guardian for MEGAN ELIZABETH WRAINS and TYLER WILLIAM WRAINS, Plaintiffs, v. UNITED VAN LINES, LLC., Defendant, case no. CASE NO. 12-12953 (14), on or about April 27, 2012 for injuries allegedly suffered on December 18, 2009 as the result of a traffic accident in Broward County, Florida. A copy of the complaint and complete state court file is attached as Exhibit 1.

    2.    With process, UNITED VAN LINES, LLC. received a copy of the

summons and complaint on or about May 30, 2012. Copies of the documents received by Defendant, UNITED VAN LINES, LLC., are attached.

3. It is alleged in the complaint, paragraph 3, that the Plaintiffs are residents of the State of Florida, and upon information and belief they were citizens of the State of Florida at the time the complaint was filed and at all times material hereto have been citizens of the State of Florida.

4. The citizenship of Defendant, UNITED VAN LINES, LLC., is not alleged in the complaint, however, as is evidenced by the printout from Missouri's Secretary of State website attached as Exhibit 2 it is an entity incorporated in the State of Missouri. United Van Lines, LLC. was a citizen of the State of Missouri at the time the complaint was filed, was a citizen of the State of Missouri when the cause of action allegedly occurred, and at all times material hereto has been a citizen of the State of Missouri. This Defendant has never been a citizen of or headquartered in Florida.

6. The complaint merely alleges Florida's circuit court jurisdictional amount of $15,000 and makes no demand for a specific liquidated sum. The expressed policy of this Circuit is to look to the Notice of Removal for additional information when the allegations of a complaint are insufficient to determine whether a sufficient basis for Removal exists. In <u>Williams v Best Buy Company</u>, 269 F.3d 1316 (11th Cir.2001) the Eleventh Circuit held that when the complaint fails to establish the jurisdictional amount in a removed case "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the

jurisdictional requirement", and explained:

> We now make explicit what we suggested in *Sierminski* and adopt the approach of the Fifth and Ninth Circuits. When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal.

Williams, id., p. 1319

7.     The matter in controversy is believed in good faith to exceed the sum or value of $75,000, exclusive of interest and costs, due to information provided by Plaintiffs' counsel, as reflected in the affidavit attached as Exhibit 3. Plaintiffs' counsel has confirmed the amount in controversy exceeds $75,000 and has consented to undersigned counsel including that confirmation in this Notice of Removal.

8.     This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 and this matter may be removed pursuant to 28 U.S.C. § 1441 as it is a civil action in which the matter in controversy is believed in good faith to exceed the sum or value of $75,000, exclusive of interest and costs, and because the action is between citizens of different states.

9.     Because the named Defendant is not a citizen or resident of the State of Florida and Plaintiffs are citizens and residents of the State of Florida and because the matter in controversy is in good faith believed to exceed the sum or value of $75,000 exclusive of interest, fees and costs, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441.

## **CONCLUSION**

WHEREFORE the Defendant, UNITED VAN LINES, LLC., respectfully requests the United States District Court for the Southern District of Florida to accept this Notice of Removal and assume jurisdiction of this cause and issue such further orders and process fees as may be required to bring before it all parties necessary for trial.

Dated June 21, 2012.

Respectfully submitted,

s/ Eugene G. Beckham
EUGENE G. BECKHAM
Florida Bar No. 360732
egb@beckhamlaw.com
Beckham & Beckham, P.A.
1550 NE Miami Gardens Drive
Suite 504
Miami, Florida 33179
Telephone 305-957-3900
Facsimile 305-940-8706
Lead attorney for Defendant,
United Van Lines, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. Mail on June 21, 2012 on all counsel or parties of record on the attached service list.

                                                  s/ Eugene G. Beckham

## SERVICE LIST

Jeffrey W. Hensley, Esq.
Hensley Chalfant, P.A.
2600 Tampa Road
Palm Harbor, Florida 34684
Telephone 727-781-3433
Facsimile 727 786-2255
jwh@hensleylaw.com
Attorney for Steven D. Wrains, Megan Elizabeth Wrains and Tyler William Wrains

F:\WP51\DOCS\WRAINS.VAN\Removal\REMOVAL NOTICE with footnote.wpd